UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN D. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01728-JPH-TAB |
| ) | |
| GEO GROUP, INC, ) | |
| MARK SEVIER, ) | |
| G. CECIL, ) | |
| JENA NELSON, ) | |
| DAVIS, ) | |
| L. STORM, ) | |
| S. SPARKS, ) | |
| JEFFERY L. FLEENOR, ) | |
| ) | |
| Defendants. ) | |

**Order Screening the Complaint and Directing Service of Process**

Kevin Moore, an inmate at New Castle Correctional Facility, brings this lawsuit under 42 U.S.C. § 1983 alleging violations of his civil rights. Because Mr. Moore is a "prisoner," the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A. As explained below, Mr. Moore's Eighth Amendment failure-to-protect claims **shall proceed** against Ms. Cecil, Ms. Nelson, Major Davis, Lt. Storm, and Lt. Sparks in their individual capacities. All other claims are **dismissed**.

**I. Screening Standard**

The Court will dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim

for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. The Complaint

The complaint names the following defendants: Geo Group, Inc., Warden Mark Sevier, Executive Director of Classification G. Cecil, Unit Team Supervisor Jena Nelson, Major Davis, Lieutenant L. Storm, Lieutenant S. Sparks, and Jeffery L. Fleenor. Mr. Moore is seeking compensatory damages, punitive damages, declaratory relief, and injunctive relief.

The complaint makes the following allegations:

On March 1, 2021, inmate Jeffery Fleenor was assigned to be Mr. Moore's cellmate. Mr. Fleenor had a history of violence and mental illness in prison that was well-known by prisoners and prison officials at New Castle. Shortly after moving into Mr. Moore's cell, Mr. Fleenor began "ranting that he was going to stab or burn somebody in [their] bed area." Dkt. 1, p. 3, para. A. Mr. Fleenor specifically threatened to assault Mr. Moore and Case Worker Mrs. Smith.

Mr. Moore and other inmates told Major Davis, Lt. Storm, and Lt. Sparks about Mr. Fleenor's behavior, and Mrs. Smith sent emails about Mr. Fleenor's behavior to other prison officials. In response, Major Davis said that he would "look into it"; Lt. Storm and Lt. Sparks stated, "he's not going to hurt anyone, he's just talking." *Id.*

On March 8, 2021, Mr. Fleenor removed a piece of metal from his wheelchair, sharpened the metal into a blade, and told Mr. Moore that he planned to stab Mrs. Smith. After Mr. Moore reported this threat, Lt. Storm and Lt. Sparks came to their cell and confiscated the weapon.

2

The officers told Mr. Fleenor to "calm down" but did not transfer him to segregation. A few days later, they transported Mr. Fleenor to "mental health," but later returned him to Mr. Moore's cell on the promise "that he wouldn't do anything stupid." *Id.* at 4, para. E. Mr. Fleenor's threatening behavior became worse after he returned to Mr. Moore's cell. Mr. Moore reported this behavior to Mrs. Smith, who in turn reported the behavior to other prison officials.

On March 20, 2021, Mr. Fleenor threw boiling soap and water on Mr. Moore. Mr. Moore suffered severe burns and extreme pain. His throat swelled shut and he had to be intubated. He was transported to an outside hospital for emergency medical treatment.

The complaint names three supervisory officials as defendants: Warden Sevier, Classification Director Cecil, and Supervisor Nelson. The complaint alleges that these defendants were "informed on several occasions by multiple people" of Mr. Fleenor's threatening behavior. *Id.* at 3. The complaint also alleges that Director Cecil is "responsible for the classification of all inmates at New Castle" and for "monitoring and identifying high risk offender's conduct by classification of security and placement." *Id.* at 2 (cleaned up). And that Supervisor Nelson is responsible for "management and everyday operation of assigned housing units, including housing where Mr. Moore was housed." *Id.* (cleaned up).

### III. Discussion

Based on the facts alleged in the complaint and the screening standard set forth above, some claims are dismissed, and other claims shall proceed.

#### A. Claims that are Dismissed

##### 1. Geo Group and Official Capacity Claims

Private corporations acting under color of state law—including those, like Geo Group, that contract with the state to provide essential services to prisoners—are treated as municipalities for

3

purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . a plaintiff has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up). Second, a plaintiff may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id*. (cleaned up). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (cleaned up).

Under this standard, the claims against Geo Group must be **dismissed**. Geo Group cannot be held vicariously liable for constitutional violations committed by its employees. *See Monell*, 436 U.S. at 691–94. The complaint does not identify a Geo Group policy, practice, or custom (or lack thereof) that caused the alleged assault or otherwise led to the violation of Mr. Moore's rights. While Mr. Moore alleges that Geo Group allegedly had "direct actual knowledge of Jeffrey L. Fleenor's violent history and use of weapons [during] multiple assault incidents and mental

4

history," that allegation is solely related to Mr. Fleenor's assault on Mr. Moore, showing that Mr. Moore is alleging *respondeat superior* liability. Dkt. 1 at 6. Indeed, there are no factual allegations suggesting that the violation of Mr. Moore's rights was part of a wider pattern of failing to prevent prisoner-on-prisoner violence. *See* dkt. 1. In the absence of an alleged municipal action that caused Mr. Moore's deprivation, Geo Group must be dismissed. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011) (finding *Monell* claim properly dismissed at screening).[1]

Because the claims against Geo Group have been dismissed, the official capacity claims against the individual defendants are also subject to dismissal. Suing an individual in his official capacity "is another way of pleading an action against an entity of which the officer is an agent.". *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

### 2. Warden Sevier

The claims against Warden Sevier are **dismissed** because the complaint does not create a reasonable inference that Warden Sevier was personally involved in failing to protect Mr. Moore.

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently

---

[1] If the Court has misunderstood Mr. Moore's claims such that he did intend to pursue a *Monell* claim, he may file an amended complaint alleging facts that plausibly suggest that his injury was the result of policies, widespread practices or customs, or the acts of a final decisionmaker. *See Levy*, 940 F.3d at 1010.

involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm.

Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages … can't be right.").

Something more than generalized knowledge and inaction is required for personal responsibility. But that is all that is alleged here. Warden Sevier is allegedly responsible for ensuring that all staff follow policy. Dkt. 1 at 2. The complaint alleges that Warden Sevier had knowledge of Mr. Fleenors' violent history and that the procedures for high-risk offenders were not being followed, but failed to act to protect Mr. Moore. Dkt. 1 at 6. However, there is no allegation upon which to conclude that the warden could be actually engaged with the underlying issue such that personal responsibility is present. *Compare Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the warden was personally responsible for the alleged cell conditions, and distinguishing *Vance*, because the Warden "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed"), *with Burks*, 555 F.3d at 595 (holding that the supervisor at issue was not personally responsible: "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."). Instead, the complaint alleges that Mr. Moore spoke directly with Major Davis, Lt. Strom, and Lt. Smith about Mr. Fleenor, that Director Cecil is responsible for the classification of inmates at New Castle and

for monitoring high risk offenders, dkt. 1 at 2, and that Supervisor Nelson is responsible for the management and operation of Mr. Moore's housing unit when he was attacked. *Id.*

The complaint at most alleges that Warden Sevier was aware that Mr. Fleenor was exhibiting threatening behavior and that no action on Warden Sevier's part followed. This requires the dismissal of the claims against Warden Sevier. *Marberry*, 847 F.3d at 429 (holding that summary judgment for the Superintendent was proper because the plaintiff's allegations—that the Superintendent "brushed off his complaints, leaving them to be handled through the chain of command"—were insufficient to demonstrate the personal responsibility necessary to state a § 1983 claim); *see also Olive v. Wexford Corp.*, 494 F. App'x. 671, 673 (7th Cir. 2012) ("both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming."). Accordingly, the Amended Complaint fails to state a viable § 1983 claim against Warden Sevier.

### 3. Mr. Fleenor

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Moore has identified the theory that he wishes to use against Mr. Fleenor—a claim for deliberate indifference brought pursuant to 42 U.S.C. § 1983. *See* Dkt. 1 at 1, 9. Where a *pro se* litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)).

The claims against Mr. Fleenor are **dismissed** because the complaint does not allege that he was acting under color of state law when he assaulted Mr. Moore. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United

7

States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). In this case, the complaint merely alleges that Mr. Fleenor was a fellow prisoner. These allegations do not create a reasonable inference that he acted under color of state law for purposes of § 1983.

    B. **Claims that shall proceed**

Liberally construed, the complaint alleges that Ms. Cecil, Ms. Nelson, Major Davis, Lt. Storm, and Lt. Sparks knew that Mr. Moore was at a substantial risk of assault by another inmate and failed to take reasonable action within their authority to prevent that assault. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm violates this Eighth Amendment."). Accordingly, Mr. Moore's Eighth Amendment failure-to-protect claims **shall proceed** against these defendants in their individual capacities.

This summary includes all viable claims identified by the Court. If Mr. Moore believes his complaint contains additional viable claims, he must identify those claims in a separate filing within **28 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants G. Cecil, Jena Nelson, Major Davis, Lt. L. Storm, and Lt. S. Sparks in the manner specified by

8

Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Geo Group, Inc., Mark Sevier, and Jeffery L. Fleenor as defendants on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 2/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN D. MOORE
950979
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Ms. G. Cecil
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Jena Nelson
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Major Davis
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

9

Lt. L. Storm
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Lt. S. Sparks
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362