UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN D. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01728-JPH-TAB |
| | ) | |
| G. CECIL Ms., | ) | |
| JENA NELSON, | ) | |
| DAVIS Major, | ) | |
| L. STORM Lieutenant, | ) | |
| S. SPARKS Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kevin Moore, an inmate at New Castle Correctional Facility, brought this suit alleging Defendants, correctional employees at New Castle, violated his Eighth Amendment rights by failing to protect him from an attack by his cellmate. Defendants have moved for summary judgment. Dkt. [33]. Because genuine disputes of material fact remain, that motion is **DENIED**.

## I.
## Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

In March 2021, Mr. Moore was an inmate at New Castle Correctional Facility housed in Unit B-4, along with fellow inmate Jeffrey Fleenor. Dkts. 1 at 3, 34 at 3. The parties dispute whether, in the following weeks, there were any

reports to the defendants of a threat by Mr. Fleenor to Mr. Moore's safety. Each defendant denies having prior knowledge of any threats by Mr. Fleenor to Mr. Moore prior to the incident. *See* dkt. 34 at 2–5 (summarizing Defendants' affidavits at dkts. 35-1; 35-2; 35-3; 35-4). It is undisputed, however, that on March 20, 2021, Mr. Fleenor threw boiling water on Mr. Moore, causing severe burns. *See* dkts. 1 at 4, 1-1 at 5-14, 34 at 3, 43-1 at 2. Mr. Moore alleges the defendants failed to protect him from this assault in violation of his Eighth Amendment rights.

Defendants moved for summary judgment, dkt. 33, Mr. Moore responded, dkt. 43, and Defendants did not reply.

### III.
### Discussion

"It is well established that prison officials face a duty to protect prisoners from violence at the hands of other prisoners and that the failure to protect can violate the Eighth Amendment." *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "A prisoner seeking to establish a violation of that Eighth Amendment right must show that the prison official was deliberately indifferent to an excessive risk to the prisoner's health or safety." *Id.* "[T]he harm to which the prisoner was exposed must be an objectively serious one" and "the prison official must have actual, not merely constructive, knowledge of the risk to be liable." *Id.* Specifically, he "'must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw that inference.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837).

Here, it's undisputed that Mr. Moore suffered serious harm when Mr. Fleenor attacked him. *See* dkt. 34 at 3 ("It is not in dispute that Offender Fleenor threw hot liquids on Plaintiff on March 20, 2021."). The Court therefore focuses on whether the defendants "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted); *LaBrec*, 948 F.3d at 841 (whether an official had that knowledge is a question of fact that can be inferred "from circumstantial evidence" including "that the risk was obvious"). "In failure-to-protect cases, plaintiffs normally prove actual knowledge of impending harm by showing that they complained to prison officials about specific threats to their safety." *Moore v. W. Ill. Corr. Ctr.*, 89 F.4th 582. 591 (7th Cir. 2023).

Here, that part of Mr. Moore's failure to protect claim rests on his assertion that he and other inmates in his housing unit reported Mr. Fleenor's threats against Mr. Moore and others to Defendants, which they dispute.

The designated evidence in the record shows a genuine dispute of material fact on that question. Four Defendants state under penalty of perjury that, contrary to Mr. Moore's assertions, they were not aware of a threat to Mr. Moore's safety. Dkts. 35-1 at 2 (Sgt. Sparks Affidavit), 35-2 at 2 (Lt. Storms Affidavit), 35-3 at 2 (Maj. Davis Affidavit), 35-4 at 2 (Ofc. Cecil Affidavit). However, Mr. Moore and two other inmates state under penalty of perjury that they repeatedly

reported Mr. Fleenor's threats to "burn or stab" Mr. Moore and other inmates in their bed area in the weeks leading up to March 20. Dkt. 43-1 at 3 (Mr. Moore Affidavit); *id.* at 4 (Mr. Schmaltz Affidavit); *see also id.* at 8 (Mr. Halbert Affidavit) ("Sgt. Sparks came into pod B4, concerning threats about Offender Fleenor, stating that he was going to stab or scald someone"). Defendants did not file a reply brief addressing those affidavits.

A reasonable jury could credit the testimony of Mr. Moore and the other inmates and find one or more Defendants liable for an Eighth Amendment violation. Thus, because there is a genuine issue of material fact, summary judgment is inappropriate, *Khungar*, 985 F.3d at 572–73. Defendants' motion, dkt. [33], is **denied**.

## IV.
## Recruitment of Counsel

Because it is the Court's preference that Mr. Moore be represented by counsel for trial or any potential settlement conference, the Court will attempt to recruit counsel to represent him. Mr. Moore shall have **through October 4, 2024,** in which to file a motion for recruitment of counsel or object to the recruitment of counsel on his behalf. If he fails to do so, the Court may terminate its efforts to recruit counsel for him. **The clerk is directed** to include the motion for counsel form with Mr. Moore's copy of this Order. After counsel is appointed, the Magistrate Judge is asked to hold a status conference to facilitate trial preparation and schedule a settlement conference.

**V.**
**Motion to Compel**

Mr. Moore has also filed a second motion to compel. Dkt. 41. He first served the relevant request for documents in November 2023. *See* dkt. 32-1 at 3-4. Defendants objected due to untimeliness. *Id.* at 1. This Court granted Mr. Moore's first motion to compel, dkt. 32, and ordered Defendants to respond to his request for documents. Dkt. 39.

Mr. Moore now contends their responses are incomplete, evasive, and noncompliant with the Court's Order. Dkt. 41 at 1. Specifically, he objects to the responses that refer him to their responses in a separate, similar state action. Dkts. 41 at 1, 41-1 at 3–7 (Defendants' Response to Plaintiff's Request for Production of Documents). Those responses, which primarily seek conduct or incident reports involving Mr. Fleenor, state that "Offenders' personnel records will not be supplied to the Plaintiff without a Court Order to do so." Dkt. 41-1 at 12-15.

The Court infers that this objection is based on security concerns because Mr. Moore is currently proceeding *pro se*. The motion, dkt. [41], is **denied without prejudice**, and the Court anticipates that upon recruitment of counsel, the parties can resolve any concerns related to discovery in this matter.

**VI.**
**Conclusion**

Defendants' motion for summary judgment, dkt. [33], is **denied**. Mr. Moore's second motion to compel, dkt. [41], is **denied without prejudice** to being refiled if necessary.

6

This matter will be resolved by settlement or trial. The Court will attempt to recruit counsel to represent Mr. Moore. He shall have **through October 4, 2024,** in which to file a motion for recruitment of counsel or object to the recruitment of counsel on his behalf. **The clerk is directed** to include the motion for counsel form with Mr. Moore's copy of this Order. After counsel is appointed, the Magistrate Judge is asked to hold a status conference to facilitate trial preparation and schedule a settlement conference.

**SO ORDERED.**

Date: 9/19/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN D. MOORE
950979
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All electronically registered counsel

Magistrate Judge Timothy A. Baker